LOUISVILLE BANKING CO. v. STONE et al.

SAME v. CITY OF LOUISVILLE.

(Circuit Court, D. Kentucky. June 4, 1898.)

Nos. 6,561 and 6,562.

RES JUDICATA.

Helm & Bruce, for complainant.
W. S. Taylor, Atty. Gen., for Samuel H. Stone, etc., board of valuation and assessment of the state of Kentucky.
Henry L. Stone, for city of Louisville.

Before HARLAN, Circuit Justice, and TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge. These cases present substantially the same questions as those already passed upon in the case of Bank of Kentucky v. Same Defendants, 88 Fed. 383. The complainant company was a corporation organized after the act of 1856, but before the Hewitt act. It duly accepted the provisions of the Hewitt act. After the passage of the revenue act of November, 1892, and the adoption of the ordinance by the city of Louisville imposing a license upon the gross receipts of banks doing business within its limits, a warrant was sued out by the city of Louisville, in its police court, against the Louisville Banking Company, for a failure to pay the license. This bank filed a petition for a writ of prohibition in the circuit court of Jefferson county against R. H. Thompson, the police judge, averring that the ordinance of the city of Louisville was void, as impairing an obligation of the complainant's contract with the state under the Hewitt act, and that any authority given to the city of Louisville to pass such ordinance by the revenue act of November, 1892, was likewise void, as impairing the obligation of the contract. The petition prayed that the police judge might be prohibited from taking jurisdiction of the proceeding against complainant for a violation of the ordinance. Issue was joined on this petition by the

defendant, the judge of the police court of the city of Louisville. The city of Louisville, though not a party in name, was in reality the party defendant, and appeared by counsel. Indeed, the proceedings were taken for the purpose of testing the validity of the license ordinance by agreement between the city attorney and the complainant bank. The Jefferson circuit court found the issues in favor of the defendant, and entered a decree dismissing the petition. Thereupon the complainant banking company caused an appeal to be taken in its name from the judgment of the Jefferson circuit court to the court of appeals, and to that appeal it made the city of Louisville and R. H. Thompson, the police judge, parties. In the court of appeals the cause was argued by the counsel for the city of Louisville. The court of appeals reversed the judgment of the Jefferson county circuit court (31 S. W. 1013), and in its opinion held that the ordinance of the city of Louisville was void, for the reason that the Louisville Banking Company had an irrevocable contract with the commonwealth upon its due acceptance of the terms of the Hewitt act, limiting the amount of taxes to which it was subject to those imposed by that act during its corporate existence. For the reasons already stated in the case of Bank of Kentucky v. Same Defendants, we think it conclusively established, as between the parties, by a former adjudication, that the complainant had an irrevocable contract, under the Hewitt act, with the commonwealth of Kentucky, by which no greater taxes than therein provided could be imposed upon it by the commonwealth, or under its authority. For the reasons stated in the same opinion, we think the complainant entitled to equitable relief to prevent a violation of that contract by the taxes assessed under the revenue act of 1892. An order for a preliminary injunction therefore must issue in these cases, and the demurrers to the bills must be overruled.